LILLIE J. EARLE, Respondent, *v.* GEORGE H. ROBINSON, as Trustee, and Others, Appellants, Impleaded with Another.

|84 577,|
|145a 637|

*Action to declare a mortgage invalid — when the defendants may demand a foreclosure.*

The defendants, in an action brought to set aside a mortgage as invalid and for an injunction restraining the foreclosure thereof, may, under proper allegations in their answer, if successful in maintaining the validity of the mortgage and the right to enforce it, obtain all the relief that they could obtain in a new action instituted by them for the foreclosure of such mortgage.

APPEAL by the defendants, George H. Robinson, as trustee, and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 7th day of June, 1894, continuing a preliminary

injunction granted in the action on the 2d day of May, 1894, and also from an order made at the New York Special Term and entered in said clerk's office on the 26th day of December, 1894, denying the defendants' motion to vacate said injunction order.

This action was brought by the plaintiff to have it adjudged that a chattel mortgage executed by the defendant Ferdinand P. Earle to the defendant George H. Robinson as trustee, was invalid and unenforcible against the plaintiff or the goods, chattels or properties belonging to the plaintiff in the Hotel Normandie in the city of New York, and that the defendants, and each of them, and all other persons be enjoined and restrained from foreclosing said chattel mortgage, or from interfering with or disturbing the possession of the plaintiff in any of the goods, chattels, properties and effects now in the said Hotel Normandie, and from selling, incumbering, removing, disposing of the same or any of them or assuming so to do.

*George M. Pinney, Jr.,* for the appellants.

*A. J. Dittenhoefer,* for the respondent.

PER CURIAM :

Many considerations urged by the appellants on the former appeal are again presented and require no further comment.

The question now to be considered is the change in the status of the parties affected by the retaking and sale of the property of the New Netherlands Hotel and the loss or deficiency resulting, to secure which it is claimed the mortgage on the Normandie was given. In this action plaintiff, among the other grounds of relief, asks to have the Normandie mortgage declared invalid, and for an injunction to restrain the foreclosure thereof. The fact that resort had not been first had to the property in the New Netherlands was one of the reasons for enjoining the defendants *pendente lite.* This, however, was not the sole ground. At the time defendants threatened to enforce the collateral mortgage on the property in the Normandie no default had occurred; and this, joined with other facts appearing, and notably the grounds urged against the validity of the mortgage, justified an injunction *pendente lite* upon condition of the giving of a bond to fully protect defendants, which was thereafter given.

It was stated upon the argument, and not denied, that this case is at issue and will soon be reached for trial. Notwithstanding, it is insisted by defendants that they should be permitted to foreclose the Normandie mortgage by action. An independent action, however, is unnecessary, as defendants, upon proper allegations in their answer in this action, if successful in maintaining the validity of that mortgage and the right to enforce it, would obtain more speedily all the relief that could be obtained in a new suit now to be brought.

If the supplemental answer is not sufficient, upon a proper showing and upon such terms as are just, the court at Special Term would no doubt permit the necessary amendments. This, we think, upon the facts appearing, would have been the better course, because affording defendants, if successful, all the relief that could be obtained in an independent action in which the plaintiff would interpose by way of defense the very facts upon which she seeks in this action to have the mortgage declared invalid; and thus there would be two actions pending between the same parties in respect to the right to foreclose the same mortgage. A court of equity never favors multiplicity of suits.

We think the order is right and should be affirmed, with ten dollars costs and disbursements.

Present — Van Brunt, P. J., O'Brien and Follett, JJ.

Order affirmed, with ten dollars costs and disbursements.