(9 App. Div. 573.)

### DECHERT v. MUNICIPAL ELECTRIC LIGHT CO.

(Supreme Court, Appellate Division, First Department.   November 6, 1896.)

CONTRACTS—INTERPRETATION—QUESTION FOR JURY.
    It is a question for the jury whether two contracts, executed on the same day, but neither referring to the other, one providing for equipping plaintiff's building with electric wires, and the other for supplying electricity, were independent contracts, or were only parts of one transaction, so as to render applicable to the contract for wiring a provision of the contract for supplying electricity, that defendant should be released from all claims resulting from the use of electric currents when the wiring and equipments should have been approved by the board of underwriters. Patterson, J., dissenting.

Appeal from trial term, New York county.
    Action by Yellott D. Dechert, as receiver for the benefit of the creditors of Joseph Ryan, against the Municipal Electric Light Company. From a judgment dismissing the complaint, entered on a verdict di-

rected by the court in favor of defendant, and from an order for an additional allowance of costs, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

Louis Marshall, for appellant.

Paul D. Cravath, for respondent.

WILLIAMS, J. The plaintiff is the receiver of an insolvent debtor, Ryan; and the defendant is engaged in the business of equipping premises with wire and other appliances for the use of electricity, and of furnishing electricity from its central station for such use. The defendant equipped the premises of Ryan with wires and appliances, and furnished him with electricity. The buildings and property of Ryan therein took fire from the electricity, and were destroyed; and this action was brought to recover damages for such destruction of property, alleging that it was due to the negligent manner in which the defendant equipped the premises with wires and other appliances. Upon the trial the plaintiff made a prima facie case showing such negligence. No evidence was given in behalf of defendant as to such question, because, upon the evidence as to defendant's liability therefor, the court held that there could be no recovery, by reason of the contract between the parties. There were two contracts executed,—one for equipping the premises with wires and appliances, and the other for furnishing the electricity. Among the provisions in the latter contract was one numbered 8, reading as follows:

"The company [defendant] is hereby released from all claim resulting from the use of electric current, when the wiring and electrical equipments on the premises of the consumer shall have been approved by the New York Board of Fire Underwriters, or other proper authorities."

The destruction of property and the consequent damage resulted from negligence in equipping the premises with wires and other appliances, which was done under the first contract, and the question was whether this eighth provision of the last contract relieved defendant from liability for such negligence in the performance of the first contract. It was claimed by the plaintiff that the two contracts were separate and distinct, and that the eighth provision in the last contract did not refer to the work done under the first contract, but referred alone to the work done and materials furnished under the second contract. The defendant claimed that the two contracts were made at the same time, and as a part of one and the same transaction, and were to be considered as a single contract, and that the eighth provision therefore relieved defendant from liability for the destruction of the property, and the consequent damages. Upon the evidence given, the court held with the defendant, and therefore ordered the verdict in its favor. The court was not justified in ordering the verdict, if, upon the whole evidence, the jury would have been justified, in any view of the case, in rendering a verdict for the plaintiff. The contracts, by their language, in no way referred to each other. The inference, therefore, from the contracts themselves, was that they were separate and distinct. Parker, J., in 84 Hun, 576, 32 N. Y. Supp. 729, said:

"The subject-matter and terms of the contracts being different, and neither containing any reference to the other, it was necessary that the answer should contain allegations requiring an inference that the agreements should be read and construed together, as one instrument. This the pleader did not do. On the contrary, the only inference presumable from the language employed is that there were two distinct agreements, instead of two separate writings constituting one agreement."

The necessary conclusion to be drawn from the decision of the general term would seem to be that, in the absence of evidence outside of the contracts themselves, a defense could only be made out by considering the two contracts as one, inasmuch as it was held on demurrer to the answer that no defense was alleged, because it was not alleged that the two contracts were made at the same time, and as a·part of the same transaction, and were to be considered and read together. The question then arose upon the pleadings alone, however, while the question is now to be determined upon the pleadings and evidence given on the trial. It seems to us, as the case now stands, that the two contracts must be treated and considered as one, in order to relieve the defendant from liability for its negligence in equipping the premises with wires and other appliances under the first contract. Assuming the second contract to have been a separate one, the eighth provision thereof could not be considered as intending to relieve the defendant from liability for damages resulting from a negligent performance of the first contract. Its sole purpose would seem to have been to relieve the parties from liability for the negligence in the performance of the second contract. Even though the premises might have been properly equipped with wires and other appliances under the first contract, still the introduction of the electric current involved dangers for which the defendant would have been liable in the absence of this eighth provision in the second contract. Such dangers might result from an excessive supply of electricity; from an improper relation between the size of the wire through which the electricity was transmitted, the number of lamps supplied by the wires, and other similar causes. Moreover, under the second contract the defendant had to place upon the premises the meter and other appliances necessary to connect the consumer's installation with defendant's main wire, and to keep the meter and these appliances in repair; and the consumer, under this second contract, was strictly forbidden to interfere with the meter and these appliances. Damages might result from imperfections in the meter and these appliances, and there might be difficulty in defendant's showing what it claimed to be the fact,—that the damages suffered resulted from the consumer's interference with the meter or these appliances, rather than the negligence of defendant in supplying a proper meter and appliances, or keeping them in proper repair. If the contracts were entirely separate, we must assume that the eighth clause in the second contract referred to damages resulting from causes growing out of that contract, for supplying the electricity, rather than such as might result from a negligent performance of the first contract. The second contract, it will be remembered, in no manner, by its terms, referred to the first contract; and it would evidently have contained this eighth provision (as it was in a printed

form), in a case where the defendant did not equip the buildings with wires and appliances for the consumer, but where such work was done for the consumer by other parties.    A somewhat different case would be presented if the second contract, instead of being upon a printed blank, and this eighth provision being printed, as one of the conditions, upon the back of it, had all been written out at the time as a contract for that particular case.    The rule as to this class of contracts is that, when a release from liability is alleged to have been made, the contract should be strictly construed against the party seeking to absolve itself from a liability which it would otherwise incur.    Having regard to this rule of construction, and considering the nature of these two contracts, and that the second one in no way, by its terms, refers to the first one, it seems to us that, if the contracts are to be regarded as separate and distinct, it cannot be held that the fair or necessary inference is that the eighth provision in the second was intended by the parties to relieve the defendant from any negligent performance of its work under the first contract.

We think the relief of the defendant from liability for negligence in performing the work under the first contract can only be claimed upon the theory that the two contracts were but parts of one negotiation and one agreement, and were understood by the parties at the time to constitute really a single agreement.    This fact was not to be deduced from the contracts themselves, as held by the general term; and it would therefore seem to follow that it was necessary to have resource to the evidence given on the trial, outside the contracts themselves, to establish such fact.    And the court could only take away from the jury the determination of this question, if the evidence was such as conclusively to establish the fact, and to require a verdict with reference thereto to be rendered in favor of the defendants.    It seems to us that the court was in error in taking this question of fact from the jury.    Under the evidence, it was a question of fact, for the jury, whether the agent, Hogan, had authority to make these two contracts, or either of them, without submitting them for approval to the defendant itself, or to make a contract for equipment without an accompanying contract for lighting.    The evidence upon this subject was conflicting, and it was for the jury to determine where the truth was.    They would have been justified in finding that the agent had authority to, and did, complete the contracts, without submitting the same to the defendant for approval after they had been executed.    The contracts were executed the same day, and within a few hours of each other,—the one for equipment first, the one for lighting afterwards.    Hogan testified that the two contracts were negotiated together, during several different days, and that there was talk all along about the lighting as well as the equipment of the buildings.    Ryan disputed this, and testified that nothing whatever was said about a contract for lighting during the negotiations for the contract for the equipment, and that the subject of a lighting contract was first suggested and talked about after the contract for the equipment had been negotiated, prepared, and executed; that then there was negotiation and talk about a contract for lighting, and subsequently that contract was prepared and executed.    Ryan

testified that, during the negotiations for the equipment, Hogan submitted his proposition to the defendant itself, and returned with the answer that the defendant accepted such proposition, and that this was before the equipment contract was prepared or executed, and before any talk had been had about a lighting contract. There was much examination and cross-examination of these two witnesses, and their evidence was more or less shaken, and varied from time to time; but their credibility was for the jury, who were to consider all the evidence, and to determine what the truth was, and it seems to us, their verdict in favor of the plaintiff upon this issue, to the effect that the contracts were separate and distinct contracts, and were not understood by the parties to constitute a single agreement, would have been supported by the evidence, and could not, under the rules applicable to the trial of issues of fact before juries, have been set aside by the court.

The result of the suggestions here made is that the court erred in taking the case from the jury and ordering a verdict for the defendant. For this error the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide event.

VAN BRUNT, P. J., and BARRETT, and RUMSEY, JJ., concur. PATTERSON, J., dissents.