---

In re THORNE'S ESTATE.

(Supreme Court, Appellate Division, Second Department. October 20, 1899.)

TRANSFER TAX—EVIDENCE—SUFFICIENCY.

Where, in a proceeding for the assessment of a transfer tax, it appears that the donor before his death transferred by gift the property in question, by bill of sale absolute on its face, and there is no evidence of any reservation in the donor, the testimony of the donee that she was to care for the donor during his lifetime and to furnish him with money as he needed it, taken in connection with the execution of the bill of sale of all the donor's personal property to the donee, and the subsequent making of a will by which he devised her all his personal property, when he possessed none if the former gift had been absolute, does not authorize a finding that such property was impressed with a trust in the hands of the donee, and that the donor retained a beneficial interest therein, and justify an imposition of the tax, under Tax Law, § 220, subd. 3, providing for a tax on any transfer or gift made in contemplation of the death of the grantor, vendor, or donor, or intended to take effect in possession or enjoyment at or after such death.

Appeal from surrogate's court, Westchester county.

Appeal by Eunice E. Huff, individually and as executrix of the estate of Joseph Thorne, deceased, from a decree of the surrogate of Westchester county (59 N. Y. Supp. 700) confirming the report of an appraiser appointed under the transfer tax act. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

W. P. Prentice, for appellant.
Joseph W. Middlebrook, for respondent.

HATCH, J. In the present proceeding the appraiser has found that the testator, Joseph Thorne, transferred property of the value of $100,000 to Eunice E. Huff during his lifetime, but that the property so transferred was impressed with a trust in the hands of Mrs. Huff, to care for the testator during his lifetime, and that by virtue of such arrangement the beneficial use and enjoyment of the property were not intended to take effect in the possession or enjoyment of Mrs. Huff until after the death of the testator. The appraiser reached the conclusion that the property was subject to a transfer tax of $5,000. If the testimony given upon the proceeding establishes that the testator did not intend that Mrs. Huff should have the possession and enjoyment of the property until his death, then the case is brought within subdivision 3 of section 220 of the tax law, and is authority for supporting the conclusion which has been reached. It is without dispute that the testator transferred by gift to Mrs. Huff the property in question some considerable time prior to his death. The arrangement between these parties was evidenced by no writing, but rests entirely in parol, and is to be gathered from the testimony of Mrs. Huff upon this proceeding, and the acts of Thorne in connection with his property. The assignment to Mrs. Huff of the stock which was the subject of the gift was absolute upon its face, and no reservation whatever appears in connection therewith. The claim made by the respondent is that the testimony of Mrs. Huff that she was to care for Thorne during his lifetime, and to furnish him with money as he needed it, taken in connection with the execution of the bill of sale of all his personal property to Mrs. Huff, and the subsequent making of a will by which he devised to her all his personal property, when he possessed none if the former gift had been absolute, authorized a finding by the appraiser that Thorne retained a beneficial interest in the property, and was entitled to the enjoyment of a part, at least, and, if his necessities required, could appropriate the whole. We are of opinion that this contention cannot be sustained. There is nothing in the testimony of Mrs. Huff, or in the papers which effected the transfer of the stock to her, from which it is possible to gather any agreement of reservation or property right in Thorne, either as matter of fact or inference of law. The most that can be claimed from the testimony of Mrs. Huff in this regard is that she was to care for Thorne during his lifetime, and furnish him money as he needed it. This constituted an agreement upon her part which Thorne might have enforced in his lifetime if

there had been breach of its conditions.    But it placed no limitation whatever upon the right of Mrs. Huff to use and enjoy the property which she received to its fullest extent.    The title in her was absolute, and she could make any disposition of it which she chose.    She was not required to use the specific property or its proceeds for the benefit of Thorne.    Her entire obligation would be discharged when she furnished him with money and otherwise provided for his wants as she had agreed, whether she took it from this property or from any other that she possessed, or however otherwise she might have procured it.    Nor is this fact changed by any consideration of the unreliability of Mrs. Huff's testimony.    It may be conceded that she did not make a single truthful statement, that her evidence is inconsistent and contradictory, and that the appraiser would have the right to take such parts of her testimony as he chose to believe, and base his finding thereon.    But this will not avail in the absence of proof from which it may be affirmatively found that Thorne reserved to himself the beneficial use and enjoyment of the property during his life.    The right to impose the tax must rest upon evidence sufficient in probative force to bring it within the statute, and must establish a case from which the law clearly authorized its imposition.    In re Vassar, 127 N. Y. 1, 27 N. E. 394; In re Bronson's Estate, 150 N. Y. 1, 44 N. E. 707.    However the testimony in the present proceeding be viewed, it still remains the fact that it fails to show that the gift to Mrs. Huff by the testator was subject to any legal limitation. Taking that part of her testimony which is relied upon by the respondent, it amounts to no more than the purchase of an annuity by the testator, and such result does not authorize the imposition of the tax.    In re Edgerton's Estate, 35 App. Div. 125, 54 N. Y. Supp. 700.    The only difference between that case and the one we are now considering is that in the former the annuity was of a definite, specific sum, while in the latter the amount is indefinite; but the obligation to provide is specific, and is measured by what was reasonably required.    In this respect the extent of the obligation, as well as the obligation itself, is definite.    In re Green's Estate, 153 N. Y. 223, 47 N. E. 292, does not support the respondent's position.    Therein the instrument created a trust, and provided for the collection and application of the income to the use of the cestui que trust during her life, and after her death for the distribution of the proceeds of the property among persons therein named.    The court held that it was the evident intention of the instrument that the property should not vest in use and enjoyment until death, and it was therefore within the terms of the statute; but in the present case, as we have seen, the title to the property was presently transferred, was absolute in character, and no reservation of any kind accompanied the transaction, or created any charge upon or trust in the property transferred in favor of Thorne or any other person.    It is quite evident that the relation of Thorne to Mrs. Huff, the existence of domestic difficulties, and the transfer of all his property, raised a suspicion that he intended to reserve an estate of a beneficial character therein during his life, and that the evidence of Mrs. Huff is not of a character to disabuse the mind of such suspicion.    But all this is insufficient upon

which to found the imposition of the tax. Affirmative proof is required, showing the case to be clearly within the statute, else there is no authority in law to make the application of its provisions.

It follows that the decree of the surrogate confirming the report of the appraiser should be reversed. All concur.