Matter of the Appraisal under the Acts in Relation to Taxable Transfers of the Estate of LEMUEL EVERETT WILMARTH, Deceased.

(Surrogate's Court, Kings County, March, 1919.)

Transfer tax — when property not transferred with intent to take effect in possession or enjoyment at or after death — declaration of trust.

> About a year after decedent had conveyed certain real estate he assigned a bond and mortgage to the grantee who, about four months thereafter, executed a declaration of trust in which she declared her acceptance of the conveyance of the real estate and the assignment of the bond and mortgage, and that she did and would hold the same in trust for the use and benefit of her grantor, collect the rents, issues, income, profits, etc., and apply the net income thereof to his support and maintenance so long as he lived and upon his death said real estate and the bond and mortgage to be free and discharged of the trust. *Held,* that upon the acceptance of the conveyance and assignment, the grantee became the absolute owner of the real estate and of the mortgage and that her declaration of trust affected only her own property and that an order assessing a transfer tax upon said conveyance and assignment, as transfers intended to take effect in possession or enjoyment at or after the death of decedent, should be reversed.

APPEAL from an order fixing the transfer tax.

Lewis C. Grover, for executors.

Edmond Congar Brown, for Arthur H. Folwell, administrator with the will annexed of Emma Louise Annin, deceased.

Llewellyn A. Wray (Marcus B. Campbell, of counsel), for state comptroller.

KETCHAM, S. Appeal is taken from that part of the order fixing the transfer tax which assesses the tax

upon a transfer of certain real estate and of a certain bond secured by mortgage, which transfers are found by the appraiser to have been made by the decedent prior to his death by "transfers intended to take effect in possession or enjoyment at or after his death."

The only evidence as to the circumstances of these transfers is found in the affidavit of the executor and in a certain declaration of trust hereinafter referred to. From this affidavit it appears that the real estate was conveyed to the appellant by deed (of the decedent) dated the 1st day of May, 1914, and recorded in the office of the clerk of Ulster county on the 4th day of October, 1915; that the mortgage was assigned to the appellant by the decedent by assignment dated the 29th day of April, 1915, and recorded in the office of the said clerk on the 4th day of October, 1915.

It appears from the affidavit and from the declaration of trust that on the 6th day of August, 1915, the appellant executed a declaration of trust affecting the real property and mortgage aforesaid, in which the appellant declares that she " has accepted the conveyance of the said real estate and the assignment of the said bond and mortgage and does, shall and will hold the same in trust for the use and benefit of the said Lemuel E. Wilmarth, to collect and receive the rents, issues, income, profits and benefit of every kind whatsoever arising therefrom or from any part thereof, and after paying and discharging all legal and proper expenses and charges necessary and proper to be made in connection with the said property, to apply, use and devote the balance thereof to the support and maintenance of the said Lemuel E. Wilmarth as long as he shall live, the said real estate and the said bond and mortgage, upon the death of the said Lemuel E. Wilmarth to be thenceforth free and discharged of this trust."

The said declaration was recorded on the 4th day of October, 1915.

The question presented by this appeal seems to be settled by *Matter of Miller*, 77 App. Div. 473. There the decedent on one day made an antenuptial agreement in which, reciting his intended marriage with his betrothed, therein named, and his desire to make pecuniary provision for her, he, in consideration of the matters recited, assigned to her certain shares of stock. On the next day the same parties entered into another agreement wherein, in consideration of the intended marriage of the parties, the lady assigned to the decedent the same stock upon a trust, among other things, to invest the same and to apply to the mutual use of the parties the income arising therefrom during the joint lives of the parties, and thereafter upon the date of the declaration the parties intermarried.

The Appellate Division of this department, reversing the order of the surrogate under which the transfer was found to be taxable, held that the two instruments were not contemporaneous and parts of the same transaction, that on the day of the assignment to her the lady became absolute owner of the stock and that the transfer was not made in contemplation of the death of the decedent. The following quotation from the opinion in that case equally fits the present case: "As the instruments were executed on different days, the presumption is that they were separate and distinct. (See *Dechert* v. *Municipal Electric Light Co.*, 9 App. Div. 573.) * * * It must be assumed, in the absence of oral testimony, that the agreement of April seventh was executed and the stock delivered to Miss Tefft on the day of its date, and it appears by the affidavit of the executor that the agreement of April eighth was not executed until the next day after the agreement of April seventh. If this is so, the trans-

action was a completed transaction of the day of its date, April seventh, and Miss Tefft became the absolute owner of the stock by assignment and delivery. * * * The State has the burden of proving the facts under which the transfer tax may be imposed (citing to that effect *Matter of Enston,* 113 N. Y. 174, 177, 178; and *Matter of Thorne,* 44 App. Div. 8). * * * Where any document bearing a date has been proved, the presumption is that it was made on the day on which it bears date. (Chase's Steph. Dig. Ev. art. 85; 1 Greenl. Ev. [15th ed.] § 38, note b.) This presumption not having been overcome by any evidence on the part of the State, it becomes conclusive that the two agreements were executed on the days of their date respectively. Then there is no evidence to justify a finding that they were contemporaneous and intended to be part and parcel of one transaction.''

Upon the acceptance of the conveyance and assignment, the appellant became the absolute owner of the real estate and of the mortgage, and her declaration of trust thereafter affected her own property only.

The order so far as appealed from is reversed.

Order reversed.