Appeal of **HENRY P. KRANSZ** and **HENRY A. ZENDER**, executors and trustees of the estate of **PETER REINBERG**, deceased.

Docket No. 789.

The Board has jurisdiction to consider an appeal from a denial by the Commissioner, subsequent to June 2, 1924, of a claim for abatement of estate taxes assessed on May 11, 1923.

Submitted March 9, 1925; decided April 6, 1925.

*J. F. Greaney, Esq.*, for the Commissioner.

Before GRAUPNER, LITTLETON, and SMITH.

LITTLETON : This is an appeal from the determination of the Commissioner made on September 26, 1924, denying in part a claim for abatement of a portion of estate taxes assessed prior to June 2, 1924.

On February 17, 1922, the executors of the estate of Peter Reinberg, deceased, filed an estate-tax return showing a tax of $6,602.04, which was paid. On May 11, 1923, after an investigation of the estate the Commissioner assessed an additional tax of $11,138.27. Upon receipt of notice of the additional tax the executors, pursuant to the regulations promulgated by the Commissioner, executed and filed a claim for abatement of $2,796 of the amount assessed, on the ground that the value of the net estate as determined by the Commissioner was excessive. After consideration of the abatement claim the Commissioner allowed the same in the amount of $150 and denied it as to the amount of $2,646. The executors were advised of this determination by the Commissioner in a letter dated September 26, 1924, from which this appeal was taken.

The Commissioner has moved to dismiss the appeal on the foling grounds:

(1) The appeal does not show that there has been since the enactment of the Revenue Act of 1924 a determination by the Commissioner of a deficiency in tax, and

(2) No appeal lies to this Board from denial in part by the Commissioner on September 26, 1924, of a claim for abatement of an estate tax assessed prior to June 2, 1924, the date of the passage of the Revenue Act.

The motion to dismiss is predicated upon section 316 of the Revenue Act of 1924 relating to estate taxes imposed by prior Revenue Acts, which provides:

If after the enactment of this Act the Commissioner determines that any assessment should be made in respect of any estate tax imposed by the Revenue Act of 1917, the Revenue Act of 1918, or the Revenue Act of 1921, or by any such Act as amended, the amount which should be assessed (whether as deficiency or additional tax or as interest, penalty, or other addition to the tax) shall be computed as if this Act had not been enacted, but the amount so computed shall be assessed, collected, and paid in the same manner and subject to the same provisions and limitations (including the provisions in case of delinquency in payment after notice and demand) as in the case of the taxes imposed by Part I of this title, except that the period of limitation prescribed in section 1009 shall be applied in lieu of the period prescribed in subdivision (a) of section 310.

The Board has held that a final determination by the Commissioner after June 2, 1924, on a claim for abatement of income and profits tax assessed prior to June 2, 1924, gives rise to the right of

appeal to this Board. *Appeal of Joseph Garneau Co., Inc.*, 1 B. T. A. 75. *Appeal of Terminal Wine Co.*, 1 B. T. A. 697. These decisions, however, are not directly applicable to this appeal since the provisions of the Revenue Acts prior to the Act of June 2, 1924, governing the determination and assessment of estate taxes were not the same as those relating to income and profits taxes.

Section 250 (d) of the Revenue Act of 1921, as has heretofore been pointed out by the Board, provided in respect to income and profits taxes that the taxpayer should be notified of the tax proposed to be assessed by registered letter, and given an opportunity to be heard, and in the event of assessment without compliance with that section a claim for abatement may be filed.

In respect to estate taxes for years prior to 1924, the Revenue Act of 1921 contained no provisions giving the executor a right of appeal before assessment of an additional tax, but provided in section 404:

That the executor, within two months after the decedent's death, or within a like period after qualifying as such, shall give written notice thereof to the collector. The executor shall also, at such times and in such manner as may be required by regulations made pursuant to law, file with the collector a return under oath in duplicate, * * *. The Commissioner shall make all assessments of the tax under the authority of existing administrative special and general provisions of law relating to the assessment and collection of taxes.

Section 407 provided:

That where the amount of tax shown upon a return made in good faith has been fully paid, or time for payment has been extended, as provided in section 406, beyond one year and six months after the decedent's death, and an additional amount of tax is, after the expiration of such period of one year and six months. found to be due, then such additional amount shall be paid upon notice and demand by the collector, * * *.

If the executor files a complete return and makes written application to the Commissioner for determination of the amount of the tax and discharge from personal liability therefor, the Commissioner, as soon as possible and in any event within one year after receipt of such application, shall notify the executor of the amount of the tax, and upon payment thereof the executor shall be discharged from personal liability for any additional tax thereafter found to be due, and shall be entitled to receive a receipt or writing showing such discharge: *Provided, however*, That such discharge shall not operate to release the gross estate from the lien of any additional tax that may thereafter be found to be due while the title to such gross estate remains in the heirs, devisees, or distributees thereof; but no part of such gross estate shall be subject to such lien or to any claim or demand for any such tax if the title thereto has passed to a bona fide purchaser for value.

The procedure adopted by the Commissioner under the Revenue Acts prior to the Act of June 2, 1924, for the determination and assessment of estate taxes was to assess any additional tax which might appear after an investigation to be due and to notify the executor of the additional amount assessed, at the same time advising him of his right to file a claim for abatement of the tax and to be heard thereon and obtain a final determination before being called upon to pay the additional tax.

Regulations 63 relating to estate taxes, promulgated July 22, 1922, under the Revenue Act of 1921, provided as follows:

ART. 79. Payment of tax; general.—

* * * Following an investigation of the estate the tax liability will be finally determined by the Commissioner upon the basis of such investigation. If at the time the Commissioner's determination is made the tax has been paid upon the basis of the return, an adjustment will be made of the amount of

tax. If the amount of tax already paid exceeds the amount of tax as finally determined, the Commissioner will refund such excess. If the amount of tax as finally determined exceeds the amount of tax already paid, the collector will notify the executor of the amount of the unpaid balance of the tax and demand payment thereof. Payment should be made by the executor immediately upon the receipt of such notification. Where the investigation of the return shows that no further tax is due, the executor will be notified to that effect. Until the receipt of such notification, he should reserve a sufficient portion of the estate to satisfy any additional tax.

ART. 92. Kinds of relief.—Two forms of relief are afforded the executor in cases where he believes that an excessive amount of tax or an illegal penalty has been assessed or paid either upon the basis of the return or of the investigation conducted by the Bureau. The two forms of relief are:

(1) Claim for abatement, where the alleged excessive tax or illegal penalty has been assessed but not paid.

(2) Claim for refund, where such tax or penalty has been paid.

ART. 95. Limitation of time to file claim for abatement of additional tax.— If it is desired to file claim for abatement of the additional amount of tax disclosed upon an investigation, such claim must be filed with the collector within one month after receipt by the executor of the Commissioner's letter of notification. After that period the claim will not be considered, but the tax must be paid, and adjustment sought by claim for refund.

It is clear from the foregoing that the assessment of the additional estate tax in May, 1923, did not constitute a determination of the amount due but was a step in the procedure toward final determination, and gave rise for the first time to a controversy which could be terminated by a decision on the merits upon a claim for abatement which, in the case of estate taxes, filled the same office as an appeal in the case of income and profits taxes under section 250 (d). Accordingly, in this appeal, the executor first received information of additional tax by notice of assessment and immediately, in compliance with article 95, Regulations 63, filed a claim for abatement contesting the valuation of the estate and asking the abatement of a portion of the additional tax. This claim was duly considered by the Commissioner pursuant to the regulations quoted and on September 26, 1924, he notified the taxpayer by letter of his final determination of the deficiency, which was followed by demand for payment by the collector.

We are of the opinion that it was intended by the Revenue Act of 1924 that this Board should consider appeals from determinations made by the Commissioner subsequent to June 2, 1924, that a deficiency is due, and upon the facts in this appeal the Board is of the opinion that it has jurisdiction to consider the appeal from the final determination of the Commissioner made on September 26, 1924; otherwise, as was pointed out in the *Terminal Wine Company's Appeal*, the entertainment of a claim for abatement would be entirely superfluous and meaningless and would result in denying the executors the right to appeal from a determination after June 2, 1924, which fixes the amount of deficiency in tax. The motion of the Commissioner is therefore denied.