Harold Guyon Trimble v. Commissioner. Esther K. Trimble v. Commissioner.
Trimble v. Commissioner
Docket Nos. 6086, 6087.
United States Tax Court
1944 Tax Ct. Memo LEXIS 9; 3 T.C.M. (CCH) 1311; T.C.M. (RIA) 44402; December 14, 1944
*9 OPPER
Victor E. Cappa, Esq., 24 Montgomery St., San Francisco 4, Calif., for the petitioners. R. C. Whitley, Esq., for the respondent. Opinion on Motion OPPER, Judge: This proceeding calls for consideration at the present juncture by reason of a motion filed on behalf of respondent for a decision in his favor, on the ground that having admitted the facts alleged in the petition they yet fail to show a ground for the deduction claimed and disallowed. To this motion petitioner filed a brief in opposition, but asking for no affirmative relief and concluding only with the plea that the motion be denied. It is accordingly impossible to say that in terms the proceeding is submitted under Rule 30 for a decision on the merits on admitted facts, although the allegations of the petition are actually admitted to be true. Nor is it in terms a motion solely addressed to the sufficiency of the petition under Rule 14 in view of the accompanying admissions of fact on the part of respondent. It is not, however, beyond the bounds of permissible action for respondent with leave of the Tax Court, to plead and move simultaneously. United States Trust Company of New York, et al., Executors, 1 B.T.A. 1086; *10 Hamel, Practice and Evidence before the U.S. Board of Tax Appeals, 100. Although leave to do so was not requested in advance, we see no insuperable objection to treating respondent's motion as an application of that character and permission to take such action is hereby granted. For reasons which will presently appear, however, the ends of justice will be better served by viewing this solely as a motion to dismiss for failure to state facts sufficient to establish error in respondent's determination. The contested deficiency of $1,006.48 in income tax for 1941 in Docket No. 6086 is due solely to the disallowance by respondent of a deduction claimed as a loss "representing one-half of the amount that petitioner paid during the taxable year in settlement of litigation instituted against him to enforce his liability as a trustee of a testamentary trust for the defalcation of a co-trustee." The parties have never succeeded in joining issue as to the legal basis for the claimed deduction. Respondent relies upon Reimold v. Commissioner (C.C.A., 3rd Cir.), 144 F.2d 390, in which a deduction as a necessary expense of his "trade or business" was denied *11 a trustee who was required to make good a loss arising from an illegal investment. Disallowance as a non-trade or non-business expense under the 1942 amendment, subsection (a)(2) of section 23, Internal Revenue Code, was adjudicated also. But petitioner denies that he is relying on that category of permitted deductions and insists that this was a loss of property not connected with a trade or business arising from theft and not compensated for by insurance or otherwise under section 23(e)(3); and if not that, that it was a bad debt. The petition is drawn only in the most general terms and indicates no purpose that any detailed allegations should furnish the foundation for a purely legal controversy based upon admitted facts. But as it stands, it cannot be said to justify petitioner's position on either ground. While it is true that an embezzlement may constitute the character of theft which gives rise to a loss deduction, see Earle v. Commissioner (C.C.A., 2nd Cir.), 72 F.2d 366, Peter Frees, Jr., 12 B.T.A. 737, and while this may be true even though the theft is of property belonging to others for which the taxpayer *12 is responsible, ibid. no case to which we have been referred goes so far as to permit a deduction under such circumstances where the taxpayer was himself a party to the transaction. Yet this petition recites that petitioner's co-trustee "who was in financial difficulties, prevailed upon your petitioner to permit him to use said trust fund" for the unlawful purposes giving rise to the claim against petitioner. We think it at least doubtful that a theft in which the taxpayer himself participates can constitute the type of loss for which the section in question authorizes a deduction, and we find nothing in Commissioner v. Heininger, 320 U.S. 467, 88 L. Ed. 171, 64 S. Ct. 249, dealing exclusively with section 23(a), which materially resolves that doubt. But it further appears that there was an agreement on the part of the co-trustee to make restitution and furthermore, as petitioner suggests, some measure of recourse in his favor is probable under the applicable State law. In addition to the right of contribution, it seems reasonable to question whether under the circumstances there may not also exist a subrogation to the right of the beneficiary to whom petitioner's payment went, *13 so that in fact an obligation of some sort and in some amount arose simultaneously with petitioner's repayment of the pilfered funds. The resulting debt would ensue at that moment and not earlier and if uncollectible would form the basis for a bad debt deduction. Shiman v. Commissioner (C.C.A., 2nd Cir.), 60 F.2d 65. The difficulty with this approach is that the petition contains no allegation of the debtor's insolvency and at this stage of the proceedings there is no other way to supply it. We conclude that more fully developed statement of the facts may well disclose the propriety of petitioner's claim, and that under the circumstances respondent's motion should be denied; but that on the other hand, the present petition is insufficient and of its own force fails to substantiate the petitioner's position. Respondent's motion is denied upon the condition that petitioner within sixty days of the date of the entry of this opinion files an amended petition setting forth in full the facts upon which his claim is based. Otherwise the motion will be granted. The same disposition is required of the proceeding at Docket No. 6087, in which petitioner's *14 wife is the petitioner and a corresponding deficiency in the amount of $1,033.71 involving the same deduction is in controversy.